IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD JUSTICE,

        Plaintiff,                        No. CIV S-04-0684 GEB PAN P

    vs.

JAN SCULLY, et al.,

        Defendants.             ORDER

        Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. The record in this action shows no activity since late 2004 when the United States Marshal filed returns of service for defendants Wagg and Rall. It appears that plaintiff has not diligently prosecuted this action.

        The court possesses the discretionary authority to dismiss an action based on plaintiff's failure to diligently prosecute. Fed. R. Civ. P. 41(b). Unreasonable delay by plaintiff is sufficient to justify dismissal, even in the absence of actual prejudice to the defendant, see Moore v. Telfon Communications Corp., 589 F.2d 959, 967-68 (9th Cir. 1978); Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976), since a presumption of injury arises from the occurrence of unreasonable delay. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978); Anderson, 542 F.2d at 524; Alexander v. Pacific Maritime Association, 434 F.2d 281, 283 (9th Cir. 1970), cert. denied, 401 U.S. 1009 (1971). Plaintiff

then has the burden of showing justification for the delay and in the absence of such showing the case is properly dismissed for failure to prosecute.  See Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275 (9th Cir. 1980).

Good cause appearing, IT IS HEREBY ORDERED that within twenty days from the date of this order plaintiff shall show cause in writing why this action should not be dismissed for lack of prosecution.  Failure to respond to this order will result in a recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b).

DATED: May 17, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

\004
just0684.dlop