IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD JUSTICE,

      Plaintiff,   No. CIV S-04-0684 GEB EFB P

  vs.

JAN SCULLY, et al.,

      Defendants.   <u>ORDER</u>

_____/

    Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. On July 28, 2006, based upon plaintiff's notice, the Clerk of the Court entered the default of defendants Mark Rall and Gary Wagg. *See* Fed. R. Civ. P. 55(a). On August 4, 2006, these defendants moved to set aside the entry of default. Plaintiff has filed no opposition.

    Rule 55(c) of the Federal Rules of Civil Procedure provides:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

District courts have broad discretion to set aside a party's default. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994); *Mendoza v. Wright Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986). Where a defendant timely moves to set aside the entry of default and asserts a meritorious defense, a court should resolve all doubts in favor of setting aside the

default.  *Mendoza*, 783 F.2d at 945.

**Timeliness of Defendants' Motion**

The Clerk entered defendants' default on July 28, 2006, and defendants filed their motion to set aside on August 4, 2006.  Defendants timely filed their motions.

**Meritorious Defense**

Defendants assert the affirmative defenses of *res judicata* and *collateral estoppel*.  In an action brought under 42 U.S.C. § 1983, federal courts give the same preclusive effect to adjudications of state courts as would the courts of the state rendering judgment, as long as the state-court proceedings comported with minimum due process standards.  *Allen v. McCurry*, 449 U.S. 90, 101-05  (1980) (42 U.S.C. § 1983 does not modify the preclusive effect of 28 U.S.C. § 1738 on a state-court judgment); *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995).   The Superior Court of California granted defendants' motion for summary judgment and plaintiff did not appeal.  While plaintiff asserts on page one of his complaint that the state court's judgment was "without effective/proper notice," he does not elaborate and nothing in the record suggests the state court's procedures were inadequate.  Therefore, the court applies California's rules of preclusion.

*Res judicata* precludes parties or their privies from re-litigating a cause of action that was or could have been brought in an earlier action that a court of competent jurisdiction resolved on the merits.  *Amin v. Khazindar*, 5 Cal.Rptr.3d 224, 229 (Cal.App. 2003);  *Dawson v. Toledano*, 134 Cal.Rptr.2d 689, 694 (Cal. App. 2003).  A court must determine whether the cause of action presently before it was decided in an earlier action, the party against whom *res judicata* is asserted was a party to, or in privity with a party to, the prior action and there is a final judgment on the merits.  *Dawson*, 134 Cal.Rptr.2d at 694-95.

In California, a "cause of action" for purposes of *res judicata* has three elements:   (1) a primary right of the plaintiff; (2) a corresponding obligation of the defendant; and (3) a wrong committed by the defendant which violates the plaintiff's primary right.  *Amin*, 5 Cal.Rptr. 3d at

229. The question is whether the matter plaintiff now seeks to litigate was "within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised . . . ." *Tensor Group v. City of Glendale*, 17 Cal.Rptr.2d 639, 642 (1993). If so, "the judgment on it is conclusive despite the fact that it was not in fact expressly pleaded or otherwise urged." *Tensor Group*, 17 Cal.Rptr. 2d at 642.

In the earlier state court complaint, plaintiff alleged that on July 6, 1998, defendants Mark Rall and Gary Wagg approached plaintiff at work and arrested him with excessive force, including twisting his arms to the center of his back such that stitches in an incision from recent shoulder surgery ripped open, and that he was denied medical care until July 27, 2006, after the injury became infected. Defendants' Motion, Exhibit 1. Plaintiff alleged that defendant Mark Rall ripped a medical bracelet from plaintiff's left wrist, "leaving a quarter of an inch incision on my wrist." Defendants' Motion, Exhibit 1. Plaintiff also alleged defendants engaged in other, unspecified abusive acts "throughout the course of me being booked into the Sacramento County Jail." Defendants' Motion, Exhibit 1. He claimed that defendants acted under color of state law to violate his rights under the United States Constitution and sought money damages only. Defendants' Motion, Exhibit 1. Plaintiff makes the same allegations in this court, but he specifies abusive acts occurring during his transport to the jail. He does not assert a specific legal theory, but seeks relief pursuant to 42 U.S.C. § 1983, which by definition encompasses constitutional theories. He seeks monetary damages only.

Plaintiff's complaint in this court includes the factual allegations and the theories asserted in the state-court action. His complaint is to be liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (federal courts must liberally construe complaints of a *pro se* plaintiff). However, any claim this court might infer from the complaint either was, or could have been raised in the state-court action.

A determination of the issues in the pleading by way of summary judgment constitutes a final judgment on the merits. *Henry v. Clifford, M.D.*, 38 Cal.Rptr. 116, 119 (Cal.App. 1995).

In the state-court action, the defendants sought and obtained summary judgment on the grounds that with respect to the state law claims, plaintiff failed to comply with California's Tort Claims Act and with respect to the federal claims, plaintiff failed to adduce evidence to establish a genuine issue of material fact upon which he could proceed to trial. Defendants' Motion, Exhibit 2 at 12, 14; Exhibit 3. The state court's judgment is a final adjudication for purposes of *res judicata*.

The final element, parties or their privies, is self-evident. Plaintiff commenced the action in state court against Mark Rall and Gary Wagg, the same defendants in this action.[1]

For the reasons stated above, the court finds the defense of *res judicata* meritorious. It therefore is unnecessary to consider *collateral estoppel.*

**Conclusion**

Defendants timely moved to set aside their default and assert a meritorious defense. Therefore, the default of Mark Rall and GaryWagg should be set aside.

Accordingly, it is ORDERED that the Clerk of the Court shall set aside the July 28, 2006, defaults of Mark Rall and Gary Wagg. Defendants have 30 days from the date this order is served to file and serve a response to the complaint.

Dated:   September 14, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\just0684.set aside def

---

[1] Plaintiff named District Attorney Jan Scully in the state court and here. The state court summary judgment adjudicated claims against Mark Rall and Gary Wagg, but did not mention Jan Scully. This court dismissed claims against Jan Scully on November 9, 2004.