IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD JUSTICE,

      Plaintiff,                        No. CIV S-04-0684 GEB EFB P

      vs.

JAN SCULLY, et al.,

      Defendants.           ORDER

_____/

        On July 28, 2006, the Clerk of the Court entered the default of defendants Rall and Wagg. On September 15, 2005, the court granted defendants' motion to set aside their defaults and the Clerk of the Court served the order on plaintiff. On October 16, 2006, plaintiff filed a request for an extension of time to seek reconsideration of that order.

        For the reasons stated below, the court finds that excusable neglect has not been established for plaintiff's belated request and it must be denied.

        The ruling of a Magistrate Judge "shall be final if no reconsideration thereof is sought from the Court within ten court days . . . from the date of service of the ruling on the parties." E.D. Local Rule 72-303(b). Plaintiff filed his request for an extension of time after the date he should have filed a motion for reconsideration. Therefore, plaintiff must show excusable neglect. Fed. R. Civ. P. 6(b). To determine whether neglect is excusable, the court must

consider the danger of prejudice to defendants, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within plaintiff's control, and whether plaintiff acted in good faith. *Committee for Idaho's High Desert, Inc., v. Yost*, 92 F.3d 814, 825 & n.4. (9th Cir. 1996). Carelessness does not usually constitute excusable neglect. *See Kyle v. Campbell Soup Company*, 28 F.3d 928, 929 (9th Cir. 1993) (stating that inadvertence, ignorance of court rules and misconstruction of court rules usually do not constitute excusable neglect).

Plaintiff asserts that the law library is closed and the paging system is slow. Plaintiff has not demonstrated that he has attempted to obtain legal materials. Nor has he explained why he waited nearly a month to seek additional time. Plaintiff provides no factual basis for finding that the delay is outside his control. On the other hand, waiting nearly a month to seek additional time suggests that he seeks to delay the proceedings. It is no small irony that plaintiff seeks to be relieved of his own delay in seeking reconsideration so that he might take advantage of the alleged delay of defendants in responding to the complaint. Excusable neglect has not been established by plaintiff, and this case will now proceed. Defendants have filed a motion to dismiss for failure to state a claim, and they have an interest in having this matter resolved without further unjustified delay.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 16, 2006, request for an extension of time is denied.

DATED: November 29, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE