IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD JUSTICE,

        Plaintiff,                    No. CIV S-04-0684 GEB EFB P

    vs.

JAN SCULLY, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the complaint filed April 6, 2004. Defendants move to dismiss upon the ground that this action is barred by the doctrine of *res judicata* and that it is untimely. For the reasons stated below, the court finds that *res judicata* bars this action and on that ground alone, defendants' motion must be granted.[1]

**I.  Facts**

       On September 30, 1999, plaintiff filed suit in the Sacramento County Superior Court, naming Mark Rall and Garry Wagg as defendants. Defs.' Mot. to Dism., Ex. 1. In it, he alleged

---

[1] Defendants request that the court take judicial notice of documents filed in the state court action upon which they base their defense of *res judicata*. Plaintiff has not opposed this request. A federal court may judicially notice the records of a state court. Fed. R. Evid. 201; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Accordingly, defendants' request is granted.

that on July 6, 1998, defendants Mark Rall and Gary Wagg approached plaintiff at work and arrested him with excessive force, including twisting his arms to the center of his back such that stitches in an incision from recent shoulder surgery ripped open, and that he was denied medical care until July 27, 2006, after the injury became infected. *Id.* Plaintiff alleged that defendant Mark Rall ripped a medical bracelet from plaintiff's left wrist, "leaving a quarter of an inch incision on my wrist." *Id.* Plaintiff also alleged defendants engaged in other, unspecified abusive acts "throughout the course of me being booked into the Sacramento County Jail. *Id.* He claimed that defendants acted under color of state law to violate his rights under the United States Constitution and sought money damages only. *Id.* Defendants moved for summary judgment on the grounds that plaintiff failed to comply with the requirements of the California Tort Claims Act, and in any event he could not establish that defendants caused plaintiff's injuries. Defs.' Mot. to Dism., Ex. 1. The state court found that defendants satisfied their burden on summary judgment, granted defendants' motion and on September 29, 2003, entered judgment in their favor. Defs.' Mot. to Dism., Ex. 3. Plaintiff did not appeal.

    On April 6, 2004, plaintiff filed a complaint in this court, also naming Mark Rall and Gary Wagg as defendants. Plaintiff alleges that on July 6, 1998, defendants Mark Rall and Gary Wagg approached plaintiff at work and arrested him with excessive force, including twisting his arms to the center of his back such that stitches in an incision from recent shoulder surgery ripped open, and that he was denied medical care until July 27, 2006, after the injury became infected. He further alleges that defendant Mark Rall ripped a medical bracelet from plaintiff's left wrist, "leaving a quarter of an inch incision." Plaintiff also alleges defendants engaged in other, unspecified abusive acts during his transport to the jail and during the booking process. He does not assert a specific legal theory, but seeks relief pursuant to 42 U.S.C. § 1983, which by definition encompasses constitutional theories. He seeks money damages only. Because plaintiff is a prisoner without counsel, this court reviewed the complaint pursuant to 28 U.S.C. § 1915A, found that it stated cognizable claims for relief, and on September 17, 2004, ordered that

defendants Mark Rall and Gary Wagg be served with process. Both defendants waived service of process, but failed timely to appear and defend as required by the Federal Rules of Civil Procedure. Thus, on May 31, 2006, plaintiff filed a notice of defendants' default, and on July 28, 2006, the clerk entered their default. On August 4, 2006, defendants timely moved to set aside the entry of default, asserting that they could defend on the grounds of *res judicata* or *collateral estoppel*. On September 15, 2006, the court granted defendants' motion, set aside the Clerk's entry of default and directed defendants to respond to the complaint. Thus, on October 2, 2006, defendants moved to dismiss.

## II.    Standards

In an action brought under 42 U.S.C. § 1983, federal courts give the same preclusive effect to adjudications of state courts as would the courts of the state rendering judgment, as long as the state-court proceedings comported with minimum due process standards. *Allen v. McCurry*, 449 U.S. 90, 101-05 (1980) (42 U.S.C. § 1983 does not modify the preclusive effect of 28 U.S.C. § 1738 on a state-court judgment); *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995). The Superior Court of California granted defendants' motion for summary judgment and plaintiff did not appeal. While plaintiff asserts on page one of his complaint that the state court's judgment was "without effective/proper notice," he does not elaborate and nothing in the record suggests the state court's procedures were inadequate. Therefore, the court applies California's rules of preclusion.

*Res judicata* precludes parties or their privies from re-litigating a cause of action that was or could have been brought in an earlier action that a court of competent jurisdiction resolved on the merits. *Amin v. Khazindar*, 5 Cal.Rptr.3d 224, 229 (Cal.App. 2003); *Dawson v. Toledano*, 134 Cal.Rptr.2d 689, 694 (Cal. App. 2003). A court must determine whether the cause of action presently before it was decided in an earlier action, the party against whom *res judicata* is asserted was a party to, or in privity with a party to, the prior action and there is a final judgment on the merits. *Dawson*, 134 Cal.Rptr.2d at 694-95.

In California, a "cause of action" for purposes of *res judicata* has three elements: (1) a primary right of the plaintiff; (2) a corresponding obligation of the defendant; and (3) a wrong committed by the defendant which violates the plaintiff's primary right. *Amin*, 5 Cal.Rptr. 3d at 229. The question is whether the matter plaintiff now seeks to litigate was "within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised . . . ." *Tensor Group v. City of Glendale*, 17 Cal.Rptr.2d 639, 642 (1993). If so, "the judgment on it is conclusive despite the fact that it was not in fact expressly pleaded or otherwise urged." *Id.*, at 642.

### III.   Analysis

As stated above, defendants move to dismiss upon the ground that this action is barred by the doctrine of *res judicata.* Plaintiff opposes, arguing that the court should reach the merits of his claims because defendants "willfully abdicated its [sic] responsibility to the court and were totally unresponsive parties until after the default was entered." Pl.'s Opp'n at 3. As explained, *res judicata* is an affirmative defense that prohibits a court from considering a matter that already has been, or should have been, determined. That the defendants did not timely respond to the complaint is inapposite.

In the earlier state court complaint, plaintiff alleged that on July 6, 1998, defendants Mark Rall and Gary Wagg approached plaintiff at work and arrested him with excessive force, including twisting his arms to the center of his back such that stitches in an incision from recent shoulder surgery ripped open, and that he was denied medical care until July 27, 2006, after the injury became infected. Plaintiff alleged that defendant Mark Rall ripped a medical bracelet from plaintiff's left wrist, "leaving a quarter of an inch incision on my wrist." Plaintiff also alleged defendants engaged in other, unspecified abusive acts "throughout the course of me being booked into the Sacramento County Jail." He claimed that defendants acted under color of state law to violate his rights under the United States Constitution and sought money damages only.

4

Plaintiff makes the same allegations in this court, but he specifies abusive acts occurring during his transport to the jail.  He does not assert a specific legal theory.  However, he sues under 42 U.S.C. § 1983, which encompasses constitutional theories.  He seeks monetary damages only.

Plaintiff's complaint in this court includes the factual allegations and the theories asserted in the state-court action.  His complaint is to be liberally construed.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (federal courts must liberally construe complaints of a *pro se* plaintiff).  However, any claim this court might infer from the complaint either was, or could have been, raised in the state-court action.

A determination of the issues in the pleading by way of summary judgment constitutes a final judgment on the merits.  *Henry v. Clifford, M.D.*, 38 Cal.Rptr. 116, 119 (Cal.App. 1995).  In the state-court action, the defendants sought and obtained summary judgment on the grounds that with respect to the state law claims, plaintiff failed to comply with California's Tort Claims Act and with respect to the federal claims, plaintiff failed to adduce evidence to establish a genuine issue of material fact upon which he could proceed to trial.  The state court's judgment is a final adjudication for purposes of *res judicata*.

The final element, parties or their privies, is self-evident.  Plaintiff commenced the action in state court against Mark Rall and Gary Wagg, the same defendants in this action.[2]

For the reasons stated above, the court finds that this action is barred by *res judicata*.  It therefore is unnecessary to consider whether the action in this court is barred by the statute of limitations.  Defendants' motion must be granted.

Accordingly, it is hereby recommended that defendants' October 2, 2006, motion to dismiss be granted and that this action be dismissed.

////

---

[2] Plaintiff named District Attorney Jan Scully in the state court and here.  The state court summary judgment adjudicated claims against Mark Rall and Gary Wagg, but did not mention Jan Scully.  This court dismissed claims against Jan Scully on November 9, 2004.

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8 Dated:  July 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE