IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD JUSTICE,

        Plaintiff,                    No. CIV S-04-0684 GEB EFB P

    vs.

JAN SCULLY, et al.,

        Defendants.             ORDER

_____/

       Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On September 27, 2007, the court granted defendants' motion to dismiss and dismissed this action on the ground that this action is barred by *res judicata*. The Clerk of the Court entered judgment, and plaintiff timely filed a notice of appeal. 28 U.S.C. § 1915(a)(3). The appellate court has requested that this court determine whether the appeal is taken in good faith. For the reasons explained below, the court finds that this appeal is not taken in good faith.

       An appeal not taken in good faith is one that is frivolous, meaning the result is obvious or the arguments are wholly without merit. See Cannon v. Hawaii Corp. (In re Hawaii Corp.), 796 F.2d 1139, 1144 (9th Cir.1986) (quoting Libby, McNeill and Libby v. City National Bank, 592 F.2d 504, 515 (9th Cir.1978); Jaeger v. Canadian Bank, 327 F.2d 743, 746 (9th Cir.1964)).

////

1 Since this court granted defendants' motion for summary judgment, the appellate court will
2 review this case *de novo*. Llamas v. Butte Cmty. Coll. Dist., 238 F.3d 1123, 1126 (9th
3 Cir.2001).
4 　　　　As explained in the August 1, 2007, findings and recommendations, on September 30,
5 1999, plaintiff filed suit in the Sacramento County Superior Court, naming Mark Rall and Garry
6 Wagg as defendants. He alleged that on July 6, 1998, defendants Mark Rall and Gary Wagg
7 approached plaintiff at work and arrested him with excessive force, including twisting his arms
8 to the center of his back such that stitches in an incision from recent shoulder surgery ripped
9 open, and that he was denied medical care until July 27, 2006, after the injury became infected.
10 Plaintiff alleged that defendant Mark Rall ripped a medical bracelet from plaintiff's left wrist,
11 "leaving a quarter of an inch incision on my wrist." Plaintiff also alleged defendants engaged in
12 other, unspecified abusive acts "throughout the course of me being booked into the Sacramento
13 County Jail." He claimed that defendants acted under color of state law to violate his rights
14 under the United States Constitution and sought money damages only. Defendants moved for
15 summary judgment on the grounds that plaintiff failed to comply with the requirements of the
16 California Tort Claims Act, and in any event, he could not establish that defendants caused
17 plaintiff's injuries. The state court found that defendants satisfied their burden on summary
18 judgment, granted defendants' motion and on September 29, 2003, entered judgment in their
19 favor. Plaintiff did not appeal.
20 　　　　On April 6, 2004, plaintiff filed a complaint in this court, also naming Mark Rall and
21 Gary Wagg as defendants. He alleged that on July 6, 1998, defendants Mark Rall and Gary
22 Wagg approached plaintiff at work and arrested him with excessive force, including twisting his
23 arms to the center of his back such that stitches in an incision from recent shoulder surgery
24 ripped open, and that he was denied medical care until July 27, 2006, after the injury became
25 infected. He further alleged that defendant Mark Rall ripped a medical bracelet from plaintiff's
26 left wrist, "leaving a quarter of an inch incision." Plaintiff also alleged defendants engaged in

1 other, unspecified abusive acts during his transport to the jail and during the booking process.
2 He did not assert a specific legal theory, but sought relief pursuant to 42 U.S.C. § 1983, which
3 by definition encompasses constitutional theories.  He sought money damages only.  Since
4 plaintiff was a prisoner without counsel, this court reviewed the complaint pursuant to 28 U.S.C.
5 § 1915A, found that it stated cognizable claims for relief, and on September 17, 2004, ordered
6 that defendants Mark Rall and Gary Wagg be served with process.  Both defendants waived
7 service of process, but failed timely to appear and defend as required by the Federal Rules of
8 Civil Procedure.  Thus, on May 31, 2006, plaintiff filed a notice of defendants' default, and on
9 July 28, 2006, the clerk entered their default.  On August 4, 2006, defendants timely moved to
10 set aside the entry of default, asserting that they could defend on the grounds of *res judicata* or
11 *collateral estoppel*.  On September 15, 2006, the court granted defendants' motion, set aside the
12 Clerk's entry of default and directed defendants to respond to the complaint.  On October 2,
13 2006, defendants moved to dismiss.  Plaintiff opposed.

14     The applicable law is clear.  In an action brought under 42 U.S.C. § 1983, federal courts
15 give the same preclusive effect to adjudications of state courts as would the courts of the state
16 rendering judgment, as long as the state-court proceedings comported with minimum due process
17 standards.  Allen v. McCurry, 449 U.S. 90, 101-05  (1980) (42 U.S.C. § 1983 does not modify
18 the preclusive effect of 28 U.S.C. § 1738 on a state-court judgment); Clements v. Airport
19 Authority of Washoe County, 69 F.3d 321, 328 (9th Cir. 1995).  The Superior Court of
20 California granted defendants' motion for summary judgment and plaintiff did not appeal.  While
21 plaintiff asserted on page one of his complaint that the state court's judgment was "without
22 effective/proper notice," he did not elaborate and the court found that nothing in the record
23 suggested the state court's procedures were inadequate.  Therefore, the court applied California's
24 rules of preclusion.

25     *Res judicata* precludes parties or their privies from re-litigating a cause of action that was
26 or could have been brought in an earlier action that a court of competent jurisdiction resolved on

3

the merits. Amin v. Khazindar, 5 Cal.Rptr.3d 224, 229 (Cal.App. 2003); Dawson v. Toledano, 134 Cal.Rptr.2d 689, 694 (Cal. App. 2003). A court must determine whether the cause of action presently before it was decided in an earlier action, the party against whom *res judicata* is asserted was a party to, or in privity with a party to, the prior action and there is a final judgment on the merits. Dawson, 134 Cal.Rptr.2d at 694-95.

In California, a "cause of action" for purposes of *res judicata* has three elements: (1) a primary right of the plaintiff; (2) a corresponding obligation of the defendant; and (3) a wrong committed by the defendant which violates the plaintiff's primary right. Amin, 5 Cal.Rptr. 3d at 229. The court, therefore, had to evaluate whether the matter plaintiff sought to litigate in this court was "within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised . . . ." Tensor Group v. City of Glendale, 17 Cal.Rptr.2d 639, 642 (1993). If so, then the court was bound to find that the state court's judgment was "conclusive despite the fact that it was not in fact expressly pleaded or otherwise urged." Tensor Group, 17 Cal.Rptr. 2d at 642.

As stated above, defendants moved to dismiss upon the ground that this action is barred by the doctrine of *res judicata*. Plaintiff opposed, arguing that the court should reach the merits of his claims because defendants "willfully abdicated its [sic] responsibility to the court and were totally unresponsive parties until after the default was entered." Pl.'s Opp'n, at 3. As explained, *res judicata* is an affirmative defense that prohibits a court from considering a matter that already has been, or should have been, determined. Thus, the court found that defendants' failure timely to respond to the complaint was inapposite.

In the earlier state court complaint, plaintiff alleged that on July 6, 1998, defendants Mark Rall and Gary Wagg approached plaintiff at work and arrested him with excessive force, including twisting his arms to the center of his back such that stitches in an incision from recent shoulder surgery ripped open, and that he was denied medical care until July 27, 2006, after the injury became infected. Plaintiff alleged that defendant Mark Rall ripped a medical bracelet

from plaintiff's left wrist, "leaving a quarter of an inch incision on my wrist." Plaintiff also alleged defendants engaged in other, unspecified abusive acts "throughout the course of me being booked into the Sacramento County Jail." He claimed that defendants acted under color of state law to violate his rights under the United States Constitution and sought money damages only. Plaintiff made the same allegations in this court, but he specified abusive acts occurring during his transport to the jail. He did not assert a specific legal theory, but sought relief pursuant to 42 U.S.C. § 1983, which by definition encompasses constitutional theories. Plaintiff sought monetary damages only.

Plaintiff's complaint in this court included the factual allegations and the theories asserted in the state-court action. His complaint was liberally construed, Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (federal courts must liberally construe complaints of a *pro se* plaintiff), but any claim this court might infer from the complaint either was, or could have been raised in the state-court action.

A determination of the issues in the pleading by way of summary judgment constitutes a final judgment on the merits. Henry v. Clifford, M.D., 38 Cal.Rptr. 116, 119 (Cal.App. 1995). In the state-court action, the defendants sought and obtained summary judgment on the grounds that with respect to the state law claims, plaintiff failed to comply with California's Tort Claims Act and with respect to the federal claims, plaintiff failed to adduce evidence to establish a genuine issue of material fact upon which he could proceed to trial. The state court's judgment is a final adjudication for purposes of *res judicata*.

The final element, parties or their privies, is self-evident. Plaintiff commenced the action in state court against Mark Rall and Gary Wagg, the same defendants in this action.[1]

Thus, the court found that this action was barred by *res judicata*, and found it

---

[1] Plaintiff named District Attorney Jan Scully in the state court and here. The state court summary judgment adjudicated claims against Mark Rall and Gary Wagg, but did not mention Jan Scully. This court dismissed claims against Jan Scully on November 9, 2004.

5

1  unnecessary to consider whether the action in this court is barred by the statute of limitations.
2  The court finds that any argument plaintiff might raise on appeal is wholly without merit.
3      Accordingly, it is ORDERED that this appeal is not taken in good faith.
4  Dated: January 2, 2008.

                                                FRANK C. DAMRELL, JR.
                                                UNITED STATES DISTRICT JUDGE